*124 Justice EAKIN,
concurring.
I agree in full with the majority’s analysis concerning a certifícate of merit. I also agree the “gist of the action” doctrine does not bar the present action because statements concerning toxicity are outside the scope of the insurance policy, but I write separately to caution against what I deem troublesome language. To the extent the majority is perceived to “paint with a broad brush,” suggesting any negligence claim based on a contracting party’s manner of performance does not arise from the underlying contract, see Majority Op., at 114, 106 A.3d at 69-70, I must disagree. In some cases, such as here, that may be the case. However, synthesizing case law to stand for such a broad pronouncement does not comport with the “gist of the action” doctrine — an inherently circumstantial analysis. See eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 17 (Pa.Super.2002) (“[Wjhether [a] claim [is] actually barred by the doctrine appears to vary based on the individual circumstances and allegations^]”).
Chief Justice CASTILLE joins this concurring opinion.